IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

      Plaintiff,                        No. 2:10-cv-1355 MCE JFM (PC)

    vs.

KATHRYN M. GONZALES, *et al.*,

      Defendants.                <u>ORDER</u>

                                          /

          On June 2, 2010, plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Following dismissal of this action for plaintiff's failure to pay the filing fee, the matter was reopened on July 19, 2011 and plaintiff was directed to submit a legible copy of his original complaint. Thereafter, plaintiff filed three amended complaints: the first on July 26, 2011; the second on August 29, 2011; and the third on September 11, 2011. The court will proceed with the third and most recent amended complaint filed September 11, 2011.

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in
2   fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-
3   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.
5   <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6   inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d
7   639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

8   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell</u>
11  <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v.</u>
12  <u>Gibson</u>, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a
13  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
14  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
15  <u>Bell Atlantic</u>, <u>id</u>.  However, "[s]pecific facts are not necessary; the statement [of facts] need only
16  '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"
17  <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting <u>Bell</u>, 127 S.Ct. at 1964,
18  in turn quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
19  standard, the court must accept as true the allegations of the complaint in question, <u>Erickson</u>, <u>id</u>.,
20  and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416
21  U.S. 232, 236 (1974).

22  Plaintiff, who suffers from prostate cancer and is hemiplegic, claims defendants
23  denied him pain medication, medication for seizures and leg bag supplies for self-catheterization
24  while housed at Sacramento County Main Jail.  Plaintiff names as defendants Sergeant
25  Hutchenson, Deputy Silvey, Deputy Medieros, Captain Eric Maness, Warden John McGinnis,
26

2

Nurse Suzanne Tanya[1], Nurse Kathryn M. Gonzalez and Doe Defendants 1 through 15. Plaintiff's complaint, however, fails to state any allegations as to any defendant other than Nurse Tanya.

Additionally, the court has reviewed the first and second amended complaints. Examination of those two amended complaints convinces the court that plaintiff is presenting his factual allegations in a piecemeal manner.  For example, as to defendants Silvey and Medieros, the second amended complaint alleges that they submitted a false disciplinary report, but in the third amended complaint Silvey is identified only as the writer of an incident report and Medeiros is referred to only as a deputy on the floor where plaintiff was housed.

The court has, therefore, determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a fourth amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

---

[1] It is unclear from the third amended complaint whether Nurse Suzanne Tanya is one individual or whether plaintiff is referring to two separate individuals named Nurse Suzanne and Nurse Tanya.  Compare ¶ 20 with ¶ 22 and ¶ 29.

1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fourth amended complaint, the original pleading no longer serves any function in the case.  Therefore, in the fourth amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

1. The completed Notice of Amendment; and

2. An original and one copy of the Fourth Amended Complaint.

Plaintiff's fourth amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended

/////
/////
/////
/////
/////
/////
/////
/////

complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: September 29, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;dean1355.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

     Plaintiff,                       No. 2:10-cv-1355 MCE JFM (PC)

     vs.

KATHRYN M. GONZALES, *et al.*,      <u>NOTICE OF SUBMISSION</u>

     Defendants.                   <u>OF DOCUMENTS</u>

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

     _____ copies of the Fourth Amended Complaint

DATED:

                                                   _____
                                                   Plaintiff