IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

        Plaintiff,                    No. 2:10-cv-1355 MCE JFM (PC)

    vs.

KATHRYN M. GONZALES, *et al.*,

        Defendants.            <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order dated September 29, 2011, plaintiff's third amended complaint was dismissed, plaintiff was advised that the court would not accept piecemeal allegations in separate filings, and plaintiff was granted leave to file a fourth amended complaint. Plaintiff has now filed a fourth amended complaint; copies of the September 21, 2011, August 31, 2011 and July 28, 2011 amended complaints; and a request for joinder. <u>See</u> Doc. No. 32. To the extent plaintiff asks this court to consolidate the allegations stated in four separately filed complaints, the court will deny this request. Plaintiff was previously advised that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Perhaps expecting the court to grant his request for joinder, plaintiff has set forth sparse allegations in his fourth amended complaint, none of which rise to a constitutional violation. Accordingly, the fourth amended complaint will be dismissed and leave will be granted to file a fifth amended complaint. Plaintiff is again advised that, if he chooses to file a fifth amended complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the fifth amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fifth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a fifth amended complaint, the original pleadings no longer serves any function in the case. Therefore, in a fifth amended

/////

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's fourth amended complaint is dismissed; and

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Fifth Amended Complaint.

Plaintiff's fifth amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

3. Failure to file a fifth amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  November 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;dean1355.14am.jfm

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

    Plaintiff,                  No. 2:10-cv-1355 MCE JFM (PC)

    vs.

KATHRYN M. GONZALES, *et al.*,

    Defendants.             <u>NOTICE OF AMENDMENT</u>

    _____ ___/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____      Fifth Amended Complaint

DATED:

                                   _____
                                   Plaintiff

4