1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALTON E. DEAN,

11          Plaintiff,                    No.  2:10-cv-1355 MCE JFM (PC)

12      vs.

13   KATHRYN M. GONZALES, et al.,

14          Defendants.               ORDER AND FINDINGS AND

15                                    RECOMMENDATIONS

16   _____/

17                          I.  INTRODUCTION

18          Plaintiff is a state prisoner proceeding *pro se* with a civil rights action filed

19   pursuant to 42 U.S.C. § 1983.  Plaintiff's operative complaint asserts that he has undergone and

20   continues to undergo Constitutional violations of his health and medical care; most specifically

21   the lack of pain medication that plaintiff received.

22          On June 18, 2012, the undersigned screened plaintiff's fifth amended complaint

23   which plaintiff filed on November 28, 2011.  The court determined that service was appropriate

24   for "Nurse Tanya, Nurse Suzanne and Kathryn Gonzalez."  (Dkt. No. 39.)

25          On October 25, 2012, Tanya Neustadt and Suzanne M. Hailey-Currey answered

26   the operative complaint.  (See Dkt. No. 49.)  Defendant Kathryn Gonzales filed a motion to

1

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) also on October 25, 2012.  On November 2, 2012, the court issued a scheduling order whereby discovery is set to close on February 15, 2013 and dispositive motions are currently due by May 10, 2013.  (See Dkt. No. 51.)

Before the court are the following motions:  (1) plaintiff's motion for default judgment against all three defendants (See Dkt. No. 48.); (2) defendant Gonzales' motion to dismiss (See Dkt. No. 50.); (3) plaintiff's first motion to compel discovery (See Dkt. No. 54.); (4) plaintiff's motions for the appointment of counsel (See Dkt. Nos. 55 & 66.); (5) plaintiff's second motion to compel (Dkt. No. 60.); (6) plaintiff's motion that the court dismiss any unexhausted claims without prejudice (Dkt. No. 62.); and (7) plaintiff's motion for perspective witnesses at trial (Dkt. No. 65.)  For the following reasons, it will be recommended that plaintiff's motion for default judgment and Gonzales' motion to dismiss be denied.  Furthermore, plaintiff's two motions to compel discovery and two motions for the appointment of counsel will be denied.  Plaintiff's motion that the court dismiss any unexhausted claims without prejudice and his motion for perspective witnesses at trial will be denied without prejudice.

## II.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On September 12, 2012, plaintiff filed a motion for default judgment.  (See Dkt. No. 48.)  Obtaining a default judgment in federal court is a two-step process.  See Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting the two-step process of entering a default and entering a default judgment); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.").  First, the party seeking such a judgment must obtain an entry of default.  This step is governed by Federal Rule of Civil Procedure 55(a) which provides as follows:

> Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

1  Second, after default is entered, the party seeking default judgment may request entry of such

2  judgment in one of two ways.  See FED. R. CIV. P. 55(b).  The party may request entry of default

3  judgment by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made by

4  computation."  FED. R. CIV. P. 55(b)(1).  "In all other cases, the party must apply to the court for

5  a default judgment."  FED. R. CIV. P. 55(b)(2).

6         As there is a two-step process for obtaining a default judgment, courts deny

7  motions for default judgment where default has not been previously entered.  See Leubner v.

8  County of San Joaquin, Civ. No. 08-0853, 2012 WL 530192, at *1 (E.D. Cal. Feb. 17, 2012)

9  (citing Marty v. Green, Civ. No. 11-1823, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011);

10  Norman v. Small, Civ. No. 09-2233, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010); Bach v.

11  Mason, 190 F.R.D. 567, 574 (D. Idaho 1999)), report and recommendation adopted by, 2012 WL

12  895430 (E.D. Cal. Mar. 15, 2012).  In this case, plaintiff did not obtain a clerk's entry of default

13  against the defendants.  Plaintiff's request for entry of default was denied by the clerk on June

14  27, 2012 as the defendants had not yet been served.  (See Dkt. No. 41.)  Accordingly, as default

15  was not entered against the defendants, plaintiff's motion for default judgment should be denied.

16              III.  DEFENDANT GONZALES' MOTION TO DISMISS

17  A.  Standard for Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

18         Federal Rule of Civil Procedure 12(b)(6) provides for motions to dismiss for

19  failing to state a claim upon which relief can be granted.  In considering a motion to dismiss, the

20  court must accept as true the allegations of the complaint in question.  See Erickson v. Pardus,

21  551 U.S. 89, 93-94 (2007).  In addition, the court must construe the pleading in the light most

22  favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  See

23  Jenkins v. McKeithen, 395 U.S. 495, 421 (1969).  Moreover, pro se pleadings are held to a less

24  stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520

25  (1972).  A motion to dismiss for failure to state a claim should not be granted unless it appears

26  beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle

3

1    him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

2    B.  Deliberate Indifference Standard

3          Plaintiff's operative complaint asserts that his Constitutional rights were violated

4 when the defendants were deliberately indifferent to his serious medical needs.  Deliberate

5 indifference to serious medical needs violates the Eighth Amendment's prescription against cruel

6 and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); Jett v. Penner,

7 439 F.3d 1091, 1096 (9th Cir. 2006).  "In the Ninth Circuit, the test for deliberate indifference

8 consists of two parts."  Jett, 439 F.3d at 1096.  First, the plaintiff must show a serious medical

9 need by demonstrating that failure to treat a prisoner's condition could result in further

10 significant injury or the unnecessary and wanton infliction of pain.  See id.  "Second, the

11 plaintiff must show the defendant's response to the need was deliberately indifferent."  Id.  A

12 prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk

13 of serious harm and disregards that risk by failing to take reasonable steps to abate it.  See

14 Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In other words, the second prong is satisfied by

15 the plaintiff showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible

16 medical need and (b) harm caused by the indifference."  Jett, 439 F.3d at 1096.

17          Prison officials demonstrate deliberate indifference when they are aware of the

18 patient's condition but "deny, delay, or intentionally interfere with medical treatment."  Id.  "An

19 Eighth Amendment claimant need not show that a prison official acted or failed to act believing

20 that harm actually would befall an inmate; it is enough that the official acted or failed to act

21 despite his knowledge of a substantial risk of serious harm."  Farmer, 511 U.S. at 842.

22    C.  Analysis of Motion to Dismiss

23          Plaintiff alleges in his operative complaint that he "has a constitutional right to

24 health and medical care even after informing Kathryn M. Gonzales he had a grand mal seizure

25 and needed pain medication to heal his wounds."  (Dkt. No. 34 at p. 19.)  Defendant Gonzales

26 asserts in her motion to dismiss that the operative complaint does not allege what she did or did

1  not do that constituted deliberate indifference.  Specifically, she argues that

2  > Plaintiff's Fifth Amended Complaint fails to state a claim against
   > Gonzales.  There are no factual allegations showing that Gonzales

3  > personally participated in depriving plaintiff of a constitutional
   > right.  There are no factual allegations suggesting that she was

4  > deliberately indifferent to plaintiff's medical needs.  There are no
   > factual allegations at all regarding anything that Gonzales did or

5  > did not do.

6  (Dkt. No. 50 at p. 4.)  Gonzales' assertions notwithstanding, plaintiff does allege in the operative

7  complaint what Gonzales did or did not do that constituted deliberate indifference.  By way of

8  example only, plaintiff alleges that "defendants knowingly, maliciously and sadistically inflicted

9  physical, emotional, and mental abuse upon plaintiff when they denied him full and equal health

10  and medical care by deprivation of his necessary leg bags, catheters and supplies after many

11  request for his Tylenol w/ Codiene when plaintiff's usual medication for his pain relief is

12  Oxicodone or Vicodan.  No seizure medication was provided."  (Dkt. No. 34 at p. 10.)  The court

13  liberally construes plaintiff's complaint as he is pursuing this action pro se.  See Haines, 404

14  U.S. at 520; Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) ("[W]e have a duty . . . to

15  construe pro se pleadings liberally.").  Plaintiff specifically alleges in his complaint that

16  Gonzales was aware that he had a seizure and needed pain medication.    Later on in the

17  complaint, he asserts that "defendants" denied him health care and medication he required.

18  Defendant Gonzales is considered one of these "defendants."  Thus, liberally construed,

19  plaintiff's operative complaint does allege what Gonzales did or did not do that constituted

20  deliberate indifference.  Accordingly, Gonzales' motion to dismiss should be denied.

21  IV.  PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY

22  On November 8, 2012, plaintiff filed his first motion to compel discovery.  (See

23  Dkt. No. 54.)  Defendants filed an opposition to this first motion to compel discovery.  (See Dkt.

24  No. 59.)  They argue that the motion to compel is premature because plaintiff never served

25  discovery on defendants.  A review of the record indicates that plaintiff first propounded the

26  interrogatories he requests the court compel defendants to respond to on or about September 11,

1   2011, before any defendant had entered an appearance in this case.  The record suggests that

2   plaintiff did not serve these interrogatories on defendants, but instead sent them only to the court.

3   (See Dkt. No. 54 at p. 19 (indicating that interrogatories were only served on the court on

4   September 11, 2011).)  This is improper.  See Fed. R. Civ. P. 33(a) ("a party may serve on any

5   other party no more than 25 written interrogatories; see also Dkt. No. 51 at p. 5 ("Discovery

6   requests shall be served by the party seeking discovery on all parties to the action.  Discovery

7   requests shall not be filed with the court except when required by Local Rules 250.1, 250.2,

8   250.3 and 250.4.");

9          It appears from the record that plaintiff did not serve the interrogatories on

10  defendants until November 4, 2012, but even then only as an attachment to his first motion to

11  compel.  This is only four days prior to when plaintiff's first motion to compel was entered and

12  filed on the docket.  Thus, plaintiff's first motion to compel discovery was premature as

13  defendants would not have had sufficient time to respond to plaintiff's discovery request by

14  November 8, 2012, even if plaintiff had served it on defendants rather then as an attachment to a

15  motion to compel.  See FED. R. CIV. P. 33(b)(2) ("The responding party must serve its answers

16  and any objections within 30 days after being served with interrogatories.").  Accordingly,

17  plaintiff's November 8, 2012 motion to compel discovery will be denied.

18              V.  PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

19          Plaintiff filed a document on December 3, 2012 titled "Counter Motion to Compel

20  Defendants to Produce Discovery."  (See Dkt. No. 60.)  The motion fails to indicate what

21  discovery requests had been served on defendants and which requests plaintiff was seeking to

22  have the court compel defendants to respond to.  Accordingly, it too will be denied.

23                  VI.  MOTIONS TO APPOINT COUNSEL

24          Plaintiff has requested the appointment of counsel.  (See Dkt. Nos. 55 & 66.)

25  The United States Supreme Court has ruled that district courts lack authority to require counsel

26  to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490

1   U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

2   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015,

3   1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the

4   present case, the court does not find the required exceptional circumstances.  Plaintiff's request

5   for the appointment of counsel will therefore be denied.

6                    VII.  MOTION THAT COURT DISMISS ANY UNEXHAUSTED CLAIMS

7                    On December 14, 2012, plaintiff filed a motion requesting "that the court dismiss

8   any unexhausted claims without prejudice."  (Dkt. No. 62.)  None of the defendants have moved

9   to dismiss any claims due to a lack of exhaustion nor has plaintiff indicated which specific

10  claims he wishes dismissed without prejudice in his motion.  Accordingly, plaintiff's motion that

11  the court dismiss any unexhausted claims without prejudice will be denied without prejudice.

12                    VIII.  MOTION FOR PERSPECTIVE WITNESSES AT TRIAL

13                    On December 21, 2012, plaintiff filed a motion for the attendance of perspective

14  witnesses at trial.  While it is not clear what plaintiff intends by this motion, it appears that the

15  procedure for obtaining witnesses at trial is described in the scheduling order of the court dated

16  November 2, 2012.  Pursuant to that order plaintiff's motion is premature (as well as unclear).

17  Accordingly, plaintiff's motion for perspective witnesses will be denied without prejudice.

18                                      IX.  CONCLUSION

19                    Accordingly, IT IS HEREBY ORDERED that:

20                    1.  Plaintiff's motions to compel (Dkt. Nos. 54 & 60.) are DENIED;

21                    2.  Plaintiff's motions for the appointment of counsel (Dkt. Nos. 55 & 66.) are

22  DENIED;

23                    3.  Plaintiff's motion that the court dismiss any unexhausted claims without

24  prejudice (Dkt. No. 62.) is DENIED WITHOUT PREJUDICE; and

25                    4.  Plaintiff's motion for perspective witnesses at trial (Dkt. No. 62.) is DENIED

26  WITHOUT PREJUDICE.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (Dkt. No. 48.) be DENIED; and

2. Defendant Gonzales' motion to dismiss (Dkt. No. 50.) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2013.

UNITED STATES MAGISTRATE JUDGE

14
dean1355.dj

8