UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON E. DEAN, | No.  2:10-cv-01355 MCE JFM (PC) |
| Plaintiff, | |
| v. | ORDER |
| KATHRYN M. GONZALES, et al., | |
| Defendants. | |

I.  INTRODUCTION

Plaintiff is a state prisoner proceeding pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's fifth amended complaint filed November 18, 2011.[1]  ECF No. 34.  Plaintiff's operative fifth amended complaint asserts that he has undergone and continues to undergo Constitutional violations of his health and medical care; specifically the lack of pain medication that plaintiff received.

On October 25, 2012, defendants Tanya Neustadt and Suzanne M. Hailey-Currey answered plaintiff's complaint (ECF No. 49), and defendant Kathryn Gonzales filed a motion to dismiss (ECF No. 50).  The court issued a scheduling order on November 2, 2013, directing the parties to conduct discovery until February 15, 2013, and to file any motions to compel discovery

---

[1] Where applicable, the dates used for plaintiff's filings are determined pursuant to the prisoner mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

1 | by that date. ECF No. 51.

2 |   Presently pending before the court are the following motions: (1) plaintiff's February 11,
3 | 2013 motion to compel responses to interrogatories (ECF No. 69); (2) plaintiff's February 20,
4 | 2013 motion for deposition upon written questions (ECF No. 71); defendants' May 10, 2013
5 | motion for summary judgment (ECF No. 80); and plaintiff's May 14, 2013, motion for summary
6 | judgment (ECF No. 81). For the reasons discussed below, plaintiff's motion to compel is granted,
7 | plaintiff's motion for deposition is denied, and both parties' motions for summary judgment are
8 | denied without prejudice to re-noticing them.
9 | II.  PLAINTIFF'S MOTION TO COMPEL
10 |   Plaintiff moves, pursuant to Federal Rule of Civil Procedure Rule 37(a), for an order
11 | compelling defendants to respond to plaintiff's interrogatories 1-25, served on November 29,
12 | 2012.[2] ECF No. 69. On March 4, 2013, defendants filed an opposition; plaintiff has not filed a
13 | reply. For the reasons discussed below, plaintiff's motion to compel is granted.

> An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. These questions are limited to anything within the permissible scope of discovery, namely, any matter, not privileged, that is relevant to the claim or defense of any party.

17 | Fed. R. Civ. P. 33; see also Fed. R. Civ. P. 26(b)(1). Pursuant to this court's discovery and
18 | scheduling order, the responding party's answers and any objections must be served within forty-
19 | five days after being served with interrogatories. ECF No. 51. The responding party is to answer
20 | each interrogatory fully, to the extent that it is not objected to, Fed. R. Civ. P. 33(b)(3), and any
21 | objections must be stated with specificity Fed. R. Civ. P. 33(b)(4). Generally, the responding
22 | party does not need to conduct extensive research in answering the interrogatory; however, a
23 | reasonable effort to respond must be made. Williams v. Adams, 2009 WL 1220311 at *1 (E.D.
24 | Cal. May 4, 2009). In addition, the responding party has a duty to supplement any responses if
25 | the information sought is later obtained or the response provided needs correction. Fed. R. Civ.
26 | P. 26(e)(A).

---

[2] Plaintiff attached several exhibits to his motion to compel seeking additional forms of relief that are not appropriate discovery remedies. To the extent plaintiff seeks relief other than an order compelling defendants to respond to his interrogatories numbers 1-25, the request is denied.

In his motion to compel, plaintiff states that he did not receive defendants' answers to the interrogatories he timely served on November 29, 2012. ECF No. 69. In their opposition, defendants argue that plaintiff has already been provided defendant Gonzales' responses to his interrogatories numbers 1-25. ECF No. 73. Defendants state that defendant Gonzales responded to plaintiff's discovery request on January 14, 2013, and indicated that his request was premature because of defendant Gonzales' pending motion to dismiss.[3] Id. Defendants argue that because plaintiff's interrogatories were premature, and he failed to re-notice them following the court's denial of defendant Gonzales' motion to dismiss, his motion to compel should be denied. Id. (citing Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)).

Defendants are incorrect in their attempt to rely on Rutman Wine Co., an antitrust action, for the proposition that discovery is stayed pending a motion to dismiss. Defendants are not relieved from their obligation to respond to plaintiff's interrogatories solely because a motion to dismiss was pending. ECF No. 51 ("Responses to written discovery requests shall be due forty-five days after the request is served."); Skellercup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600-601 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.") (citation and quotation marks omitted); In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("The mere filing of the motion [to dismiss] does not automatically stay discovery. Nor does it mean that a court will automatically grant a stay pursuant to Rule 26(c) simply because a defendant asks for one.") (citations omitted). A stay was not entered by the court and defendants were under a duty to timely provide the requested discovery responses. Therefore, plaintiff's motion to compel is granted, and defendants Gonzales, Neustadt and Hailey-Currey are ordered to respond to plaintiff's interrogatories numbers 1-25. In light of this order, both parties' motions for summary judgment will be denied without prejudice to re-

---

[3] The court notes that plaintiff's motion to compel indicates that none of the defendants responded to his interrogatories numbers 1-25. ECF No. 69. However, in their opposition, defendants fail to address whether a response to the interrogatories, if any, was sent by defendants Neustadt and Hailey-Currey who did not have a pending motion to dismiss. ECF No. 73.

noticing them.

III. PLAINTIFF'S MOTION FOR DEPOSITION

Plaintiff filed his motion for deposition upon written questions on February 20, 2013. ECF No. 71. However, the deadline for serving requests for discovery was December 17, 2012; sixty days prior to the February 15, 2013, discovery cut-off. ECF No. 51. Plaintiff's motion for deposition upon written questions is therefore untimely and will be denied.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 11, 2013 motion to compel responses to interrogatories numbers 1-25 (ECF No. 69) is granted;

2. Defendants Gonzales, Neustadt and Hailey-Currey shall respond to plaintiff's interrogatories numbers 1-25 within thirty days of the date of this order;

3. Plaintiff's February 25, 2013 motion for deposition upon written questions (ECF No. 71) is denied; and

4. Defendants' May 10, 2013 motion for summary judgment (ECF No. 80), and plaintiff's May 20, 2013 motion for summary judgment (ECF No. 81) are denied without prejudice to re-noticing them on or before November 22, 2013.

Dated: August 29, 2013

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dean1355.mtc