UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON E. DEAN, | No. 2: 10-cv-1355 MCE KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KATHRYN M. GONZALES, et al., | |
| Defendants. | |

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.[1] This action is proceeding on the fifth amended complaint filed November 28, 2011, against defendants Gonzales, Neustadt and Hailey-Currey. (ECF No. 34.) Plaintiff alleges that he received inadequate medical care while housed at the Sacramento County Jail. (Id.)

Pending before the court are cross-motions for summary judgment. (ECF Nos. 96, 103.) For the reasons stated herein, the undersigned recommends that defendants' motion be granted in

---

[1] On November 30, 2010, the court dismissed this action for plaintiff's failure to pay the filing fee after finding that plaintiff had three prior "strikes" pursuant to 28 U.S.C. § 1915(g). (ECF No. 14.) On April 19, 2011, the Ninth Circuit Court of Appeals reversed the November 30, 2010 order, finding that plaintiff met the imminent danger exception sufficient to satisfy the conditions of 28 U.S.C. § 1915(g). (ECF No. 19.)

1

part and denied in part, and that plaintiff's motion be denied.

Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).) "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 Advisory Committee Notes to 2010 Amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the

form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

////

Legal Standard for Claim Alleging Inadequate Medical Care

Although not entirely clear, it appears that plaintiff was a pretrial detainee during the relevant time period he was incarcerated at the Sacramento County Jail.

A pretrial detainee's protections against cruel and unusual punishment arise under the Due Process Clause of the Fourteenth Amendment, but are evaluated under the Eighth Amendment's deliberate indifference standards. See Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1241 (9th Cir. 2010) ("We have long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights by failing to address their medical needs (including suicide prevention) under a 'deliberate indifference' standard."); Lolli v. Cnty. of Orange, 351 F.3d 410, 418–19 (9th Cir. 2003).

To establish a claim for failure to provide timely or adequate medical care, a prisoner must show that he suffered from a serious medical need and that prison officials were deliberately indifferent to that need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts, an objective prong and a subjective prong. See Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citation omitted); McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Objectively, a prisoner must show a serious medical need, that is, a need that involves more than a de minimis injury that could result in further significant injury or the unnecessary and wanton infliction of pain if left untreated. Estelle, 429 U.S. at 104; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Subjectively, deliberate indifference requires a purposeful act or failure to respond to that pain or possible medical need and harm caused by the indifference. Estelle, 429 U.S. at 104–05; Jett, 439 F.3d at 1096.

Plaintiff's Claims

Plaintiff is a wheelchair bound hemiplegic. (ECF No. 34 at 7.) Plaintiff alleges that defendants denied his requests for Tylenol with Codeine for pain, Dilantin for seizures, and leg bags and catheters, for the entire period of his incarceration from March 2, 2010, to April 26, 2011. (Id. at 3.) Plaintiff alleges that on March 2, 2010, his pain medication was discontinued and he never received Dilantin. (Id. at 5.) Plaintiff also alleges that he did not receive leg bags

1  and catheters.  (Id. at 6.)

2  Plaintiff alleges that he had several life threatening seizures while housed at the

3  Sacramento County Jail.  (Id. at 7.)  Plaintiff alleges that he suffered from bed sores, urine and

4  bladder infections as a result of not having leg bags and catheters.  (Id. at 7-8.)

5  <u>Plaintiff's Summary Judgment Motion</u>

6  Local Rule 260(a) provides that a summary judgment motion shall be accompanied by a

7  "Statement of Undisputed Facts" that enumerates each of the specific material facts relied upon in

8  support of the motion.  In their opposition to plaintiff's summary judgment motion, defendants

9  argue that plaintiff's summary judgment motion should be denied because it fails to include a

10 statement of undisputed facts as required by Local Rule 260(a).  (ECF No. 107.)

11 Defendants are correct that plaintiff's summary judgment motion includes no Statement of

12 Undisputed Facts.  Plaintiff's reply to defendants' opposition contains 12 numbered paragraphs.

13 (ECF No. 109.)  Most of these paragraphs contain legal argument.  The undersigned does not

14 construe plaintiff's reply to contain a statement of undisputed facts.

15 In their opposition, defendants also argue that plaintiff's summary judgment motion

16 should be denied because it fails to identify or cite any evidence in the record in support of the

17 motion, as required by Federal Rule of Civil Procedure 56.  (ECF No. 107.)  As discussed above,

18 under summary judgment practice, the moving party always bears the initial responsibility of

19 informing the district court of the basis for its motion, and identifying those portions of "the

20 pleadings, depositions, answers to interrogatories, and admissions on file, together with the

21 affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

22 <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P.

23 56(c).)

24 The first two pages of plaintiff's summary judgment motion contain legal argument with

25 no citation to evidence in support of the motion.  (ECF No. 103.)  The remaining 48 pages of

26 plaintiff's motion are exhibits, including a copy of plaintiff motion to join complaints and reply to

27 defendants' answer, defendants' responses to several discovery requests, a copy of an order

28 addressing plaintiff's motion to compel and motion for deposition upon written question, and a

copy of an incident report from the Sacramento County Jail concerning plaintiff's alleged palming of medication. In the opposition, defendants argue that it is not their burden to wade through these exhibits and identify material facts plaintiff believes may exist to support his summary judgment motion.

Having reviewed plaintiff's summary judgment motion, the undersigned agrees with defendants that plaintiff's summary judgment motion fails to comply with Federal Rule of Civil Procedure 56.

While the Ninth Circuit upholds a "policy of liberal construction in favor of pro se litigants," Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998), the court is also clear that a pro se litigant must "abide by the rules of the court in which he litigates," Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007) (quotation omitted). For the reasons discussed above, the undersigned finds that plaintiff's summary judgment motion does not comply with Local Rule 230(a) or Federal Rule of Civil Procedure 56. On these grounds, the undersigned recommends that plaintiff's summary judgment motion be denied.

Defendants' Summary Judgment Motion[2]

In the reply to plaintiff's opposition, defendants argue that plaintiff's opposition does not comply with Local Rule 260(b). (ECF No. 104.) Local Rule 260(b) provides that an opposition to a summary judgment motion shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed or deny those that are disputed. Having reviewed plaintiff's opposition (ECF Nos. 102, 102-2), the undersigned agrees with defendants that plaintiff's opposition includes no Statement of Undisputed Facts as required by Local Rule 260(b).

////

---

[2] In addition to arguing that defendants did not violate plaintiff's right to adequate medical care, defendants argue that defendant Gonzales did not violate plaintiff's right to due process in connection with her processing of plaintiff's administrative grievances. See Ramirez v. Galaza, 334 F.3d 850, 960 (9th Cir. 2003) (there is no federal constitutional right to a prison administrative grievance or appeal system). The undersigned does not find that plaintiff is raising a due process claim based on the processing of his grievances. Were plaintiff to raise such a claim, defendants would be entitled to summary judgment pursuant to Ramirez v. Galaza, supra.

Defendants also argue that plaintiff's opposition includes no admissible evidence. After reviewing plaintiff's lengthy opposition (id.), the undersigned finds that the only relevant evidence attached to plaintiff's opposition is a copy of his verified fifth amended complaint. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

Because plaintiff has failed to comply with Local Rule 260(b), defendants' statement of undisputed facts is accepted except where brought in dispute by plaintiff's verified fifth amended complaint.

*Undisputed Facts*

At all relevant times, defendant Gonzales worked as a Grievance Coordinator at the Sacramento County Jail. In this position, defendant Gonzales reviewed and responded to inmate-patient grievances.

On March 5, 2010, and March 15, 2010, plaintiff filed grievances with the Sacramento County Mail Jail complaining that he was being denied Tylenol # 3.

On March 31, 2010, defendant Gonzales responded in writing to plaintiff's March 5, 2010 and March 15, 2010 grievances.

As a licensed vocational nurse ("LVN"), defendant Gonzales could not prescribe medication to an inmate-patient while employed at the Sacramento County Jail; she could only administer medications that were already ordered by a physician.

As an LVN, defendant Hailey-Currey could not prescribe medication to an inmate-patient while employed at the Sacramento County Jail; she could only administer medications that were already ordered by a physician.

As a registered nurse, defendant Neustadt could not prescribe medication to an inmate-patient while employed at the Sacramento County Jail; she could only administer medications that were already ordered by a physician.

From 2009 to 2011 at the Sacramento County Jail, leg bags and condom catheters were readily available if an inmate-patient required them.

*Alleged Denial of Tylenol with Codeine*

The undersigned first considers plaintiff's claim that defendants denied him Tylenol with Codeine for pain. The following facts from the record are relevant to the discussion of this claim.

At his deposition, plaintiff testified that his Tylenol with Codeine was discontinued after he was caught palming his Neurontin. (Plaintiff's Deposition at 19.) Plaintiff testified that he palmed the Neurontin because he had a court date that day and the Neurontin made him sleepy. (Id.) Plaintiff testified that he planned on taking the Neurontin later that day. (Id.)

In denying plaintiff's grievances regarding the discontinuation of his Tylenol with Codeine, defendant Gonzales wrote that the Sacramento County Jail has a "no tolerance Palming/Cheeking/Stashing Medication Policy." (ECF no. 96-4 at 5.) Cheeking will result in the discontinuation of narcotics. (Id.) Defendant Gonzales also wrote that plaintiff would no longer receive narcotics for discomfort per the physicians order and policy. (Id.) Defendant Gonzales also stated that plaintiff was currently receiving Ultram and Neurontin for the management of his discomfort. (Id.)

At his deposition, plaintiff testified that the defendants told him to go the doctor when he complained about not receiving his medication. (Plaintiff's Deposition at 30, 54.)

For the following reasons, the undersigned recommends that defendants be granted summary judgment as to plaintiff's claim that he was denied Tylenol with Codeine. First, it is undisputed that none of the defendants had the authority to prescribe medication to plaintiff. It is undisputed that the defendants could only administer medications that were already ordered by a physician. When plaintiff's Tylenol with Codeine was discontinued after he was caught cheeking/palming Neurontin, none of the defendants had the authority to reinstate plaintiff's Tylenol with Codeine prescription. According to plaintiff, the defendants advised plaintiff to talk to his doctors regarding his medication. This advice does not constitute deliberate indifference.

There is also no evidence of deliberate indifference by defendants in connection with the decision to discontinue the Tylenol with Codeine after plaintiff was caught cheeking/palming. Plaintiff does not dispute that he was caught cheeking/palming. According to defendant Gonzales, the decision to discontinue the Tylenol with Codeine was made by a doctor and

pursuant to a policy. Plaintiff has presented no evidence that any defendant was responsible for the decision to discontinue his Tylenol with Codeine. The undersigned again observes that plaintiff does not dispute that if he wanted his Tylenol with Codeine reinstated, defendants advised him to talk to a doctor.

The evidence does not demonstrate any violation of plaintiff's constitutional right to adequate medical care by defendants with regard to the discontinuation of and non-reinstatement of plaintiff's prescription for Tylenol with Codeine. There is no evidence that any defendant acted with deliberate indifference. Accordingly, defendants should be granted summary judgment as to this claim.

*Alleged Denial of Dilantin*

Plaintiff alleges that defendants denied his requests for Dilantin. Defendants move for summary judgment as to this claim on grounds that none of the defendants had the authority to prescribe medication to plaintiff. It is undisputed that the defendants could only administer medications that were already ordered by a physician. As discussed above, at his deposition plaintiff testified that defendants advised him to talk to doctors regarding his medication.

Because it is undisputed that defendants were not authorized to prescribe Dilantin, and they advised plaintiff to talk to a doctor regarding his medication, the undersigned finds that defendants did not act with deliberate indifference by failing to provide plaintiff with Dilantin. Accordingly, defendants should be granted summary judgment as to this claim.[3]

////

////

---

[3] Defendants also state that plaintiff was prescribed Neurontin for seizures while housed at the Sacramento County Jail. Defendants state that plaintiff wanted Dilantin because that was his "regular" seizure medication. The only evidence provided by defendants that plaintiff was prescribed Neurontin for seizures is plaintiff's deposition testimony.

Neurontin, aka Gabapentin, is used to treat some types of seizures and some kinds of pain See http://epilepsy.med.nyu.edu/treatment/medications/gabapentin#sthash.2KRHKDQZ.dpbs. The undersigned has reviewed plaintiff's deposition testimony and it is not clear if plaintiff knows whether the Neurontin was prescribed for seizures. As noted above, plaintiff alleges that he had several life threatening seizures while housed at the Sacramento County Jail. For these reasons, the undersigned does not reach the issue of whether Neurontin was prescribed to treat plaintiff's seizures.

9

*Alleged Denial of Catheters and Leg Bags*

Defendants move for summary judgment as to plaintiff's claim that he was denied catheters and leg bags on grounds that it is undisputed that from 2009 to 2011 at the Sacramento County Jail, leg bags and condom catheters were readily available if an inmate-patient required them. In their declarations filed in support of the summary judgment motion, defendants Hailey-Currey and Neustadt state that if an inmate-patient asked them to provide him with a leg bag and condom catheter, their practice was to provide those supplies as needed. (ECF Nos. 96-5 at 2, 96-6 at 2.)

In his verified fifth amended complaint, plaintiff alleges that defendants did not "grant" him leg bags or catheters. (ECF No. 34 at 7.) Plaintiff alleges that he suffered from urine and bladder infections and bed sores as a result of not having leg bags and catheters. (Id.) Plaintiff alleges that he informed Nurse Tanya, i.e., defendant Neustadt, that feces and urine were clogged up in his wheelchair, but he was only given a shower. (Id. at 7.) Plaintiff alleges that defendant Nurse Tanya, i.e. defendant Neustadt, ignored plaintiff when he informed her of his problems. (Id.) Plaintiff alleges that defendants Nurse Suzanne, i.e., defendant Hailey-Currey, and Nurse Tanya, i.e., defendant Neustadt, failed to provide him with medical supplies. (Id. at 10.)

Whether defendants Hailey-Currey and Neutstadt denied plaintiff's requests for leg bags and catheters is a materially disputed fact. While defendants claim that any request for these items would have been granted, plaintiff alleges in his verified fifth amended complaint that defendants ignored his requests. The fifth amended complaint alleges that defendant Neustadt ignored plaintiff's request and need for leg bags and catheters. While the allegations against defendant Hailey-Currey are less clear, the undersigned finds that the fifth amended complaint contains sufficient allegations that defendant Hailey-Currey refused plaintiff's requests for leg bags and catheters. Accordingly, defendants Hailey-Currey and Neustadt should be denied summary judgment as to this claim.

Although not argued by defendants, the undersigned observes that plaintiff has not linked defendant Gonzales to his claim alleging denial of leg bags and catheters. The Civil Rights Act under which this action was filed provides as follows:

10

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff does not specifically allege that defendant Gonzales denied him leg bags and catheters. Because defendant Gonzales is not linked to this claim, this claim against defendant Gonzales should be dismissed. See 28 U.S.C. § 1915(e)(2) (court shall dismiss case at any time if it determines that it fails to state a claim upon which relief may be granted).

////

Remaining Matters

On January 15, 2014, plaintiff filed a pleading titled "notice of motion for a full pardon." (ECF No. 111.) In this motion, plaintiff requests that judgment be awarded in his favor. This motion is denied as procedurally improper.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a full pardon (ECF No. 111) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 103) be denied;

2. Defendants' motion for summary judgment (ECF No. 96) be granted as to all claims except for the claim that defendants Hailey-Currey and Neustadt denied plaintiff's requests for leg bags and catheters.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2014

Dean1355.sj

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

12