UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON E. DEAN, | No. 2:10-cv-1355 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| KATHRYN M. GONZALES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On August 19, 2014, a settlement conference was held and a settlement agreement was reached.  On that date, the undersigned ordered the parties to file dispositional documents within thirty days.  (ECF No. 130.)

Pending before the court is plaintiff's September 25, 2014 motion to quash the settlement agreement (ECF No. 132), and plaintiff's October 20, 2014 notice of theft (ECF No. 134.)

Attached to defendants' opposition to plaintiff's motion to quash is the transcript from the hearing where the terms of the settlement agreement were placed on the court record.  (ECF No. 133-1.)  The parties agreed that plaintiff's outstanding lien to Sacramento County, of approximately $4,052 would be zeroed out and the county would pay plaintiff $1000.  (Id. at 8.) The parties also agreed that plaintiff could direct to whom the $1000 could be sent.  (Id.)  Plaintiff informed the court and defendants that he wanted the money to be sent to his father or brother.

1

(Id. at 9, 12-14.)   The parties agreed that if the payment could not be made to plaintiff's father or brother in three weeks then the money could be sent directly to plaintiff.  (Id. at 15.)

In his motion to quash, plaintiff alleges that defendants drafted a settlement agreement that improperly states that prison officials may take the $1000 money to be paid to him and apply it to his restitution even though the settlement agreement provided that his restitution fines would be erased.  In his notice of theft, plaintiff requests that he be allowed to personally pick up his check from defense counsel in 120 days, apparently when he is released from prison.

In their opposition to plaintiff's motion to quash, defendants state that plaintiff's lien to the county was zeroed out on August 19, 2014.  (ECF No. 133-1 at 2.)   Defendants state that their attempts to contact plaintiff's father and brother were unsuccessful.  (Id. at 2.)  Defendants also state that plaintiff refused to sign and return the settlement documents served on him by defendants.  (Id. at 3.)

Plaintiff's claim that the settlement agreement provided that all of his restitution would be zeroed out is incorrect.  The settlement agreement provided that defendants would zero out plaintiff's lien owed to Sacramento County, a term which defendants have complied with.  Accordingly, plaintiff's motion to quash is denied.

The settlement agreement provided that if defendants were unable to give the $1000 check to plaintiff's father or brother within three weeks, the check would be sent directly to plaintiff.  If plaintiff would rather pick up the check from defense counsel once he is released from prison, he must obtain a stipulation from defendants agreeing to this change in the settlement agreement.

Plaintiff will be granted another opportunity to sign the settlement documents.  If he again refuses to do so, defendants may file a motion to enforce the settlement agreement.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to quash the settlement agreement (ECF No. 132) is denied;

////
////
////
////

2. Defendants shall re-serve plaintiff with the dispositional papers within seven days of the date of this order; plaintiff shall return those papers to defendants within fourteen days of the date of service of the papers; defendants shall return the dispositional papers to the court within thirty days of the date of this order.

Dated: December 12, 2014

Dean1355.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3